IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-871-BO

| | |
|---|---|
| RITA SHARROCK,<br>          Plaintiff,<br><br>v.<br><br>FAYETTEVILLE METROPOLITAN<br>HOUSING AUTHORITY, *et al.*,<br>          Defendants. | )<br>)<br>)<br>)   **ORDER**<br>)<br>)<br>)<br>) |

This matter is before the Court on defendants' motions to dismiss, plaintiff's motion for summary judgment, and plaintiff's motion to strike affirmative defenses. The matters are ripe for ruling. For the following reasons, plaintiff's motions are denied and defendants' motions are granted.

## BACKGROUND

The Fayetteville Metropolitan Housing Authority (FMHA) is a public housing authority organized under Chapter 57 of the North Carolina General Statutes whose purpose is to provide low-cost housing to families with low to moderate income. FMHA administers and manages certain federal housing programs through the United States Department of Housing and Development (HUD). One of the programs it manages, Section 8, provides rental housing assistance to low income families. *See* 42 U.S.C. § 1437 *et seq.* The program's administration is governed by regulations promulgated by HUD pursuant to 42 U.S.C. §§ 1437c–14367d.

Plaintiff was a recipient of the Section 8 program federal housing subsidy. From March 2008 until January 2013, she entered into a lease agreement for an apartment provided by defendant Worthy Real Estate, LLC. FMHA contracted with Worthy Real Estate to provide

plaintiff Section 8 assistance in paying for the apartment. FMHA, via housing inspector James Darnell, attempted to conduct an annual inspection of the apartment on January 7, 2103. Upon inspection, Mr. Darnell noted that plaintiff was not occupying the apartment and that an unidentified man was occupying the unit. Based on Mr. Darnell's observations, FMHA terminated plaintiff's participation in the Section 8 program. Right before the inspection, plaintiff had notified FMHA that she would not be recertifying for the Section 8 program because she was able to pay her monthly rent beginning March 1, 2013. Plaintiff received notice of the termination in a letter dated January 9, 2013, which gave notification that she had ten days to appeal the decision and explained how to do so. Plaintiff responded with a letter dated January 11, 2013, stating her intention not to recertify for Section 8 housing. The letter did not request a hearing or appeal.

On December 8, 2014, plaintiff, proceeding *pro se*, filed this lawsuit against the FMHA, various employees thereof—Dawn Driggers, Brenda Burris, Cheryl Gibson, Randi Horne, and James Darnell (the FMHA defendants), HUD, various employees thereof—Secretary Julian Castro, Curtis Davis, Adrian Dasher, and Michael Williams (the HUD defendants), and Worthy Real Estate, and various employees thereof—Curtis Worthy, Sr., and Curtis Worthy, II (the Worthy defendants), alleging violations of her constitutional rights via 42 U.S.C. § 1983, and seeking declaratory and injunctive relief, as well as damages. The Court allowed her to amend her complaint, and the amended complaint was filed on March 11, 2015. Each set of defendants has filed a motion to dismiss. Plaintiff has filed a motion for summary judgment and a motion to strike affirmative defenses alleged by FMHA.

2

Case 5:14-cv-00871-BO   Document 95   Filed 10/19/15   Page 2 of 9

DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993).A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly*, 550 U.S. at 570. A Rule 12(c) motion for judgment on the pleadings raising the defense of failure to state a claim is assessed under the Rule 12(b)(6) standard. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). *Pro se* plaintiffs are entitled to a less stringent standard of pleading. *Haines v. Kerner,* 404 U.S. 519, 521 (1972). A pro se complaint should not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

*HUD Defendants' Motion to Dismiss*

Plaintiff alleges that the HUD defendants violated their obligations under Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437 *et seq*. Specifically, plaintiff alleges that

3

defendant Curtis Davis failed to enforce compliance with HUD's regulations, administrative plan, and contributions contract against the FMHA and Worthy Real Estate, denied plaintiff her right to equal protection and due process under the Fifth Amendment, and ignored plaintiff's complaint against FMHA and Worthy Real Estate. Plaintiff also alleges that defendants Dasher and Williams failed to respond to plaintiff and that collectively, the federal defendants failed to consider the adverse effects from the loss of federal assistance and plaintiff's pain, suffering, and emotional distress. The HUD defendants have moved to dismiss all claims against them.

At the outset, the Court notes that the official capacity claims against the individual HUD defendants are dismissed as duplicative. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quotation and citation omitted)). Indeed, the Fourth Circuit has held that official capacity claims should be dismissed as duplicative when the entity is also a named defendant. *Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004). Accordingly, only plaintiff's claim against HUD remains.

Insofar as plaintiff has alleged a § 1983 claim against HUD, that claim is barred by sovereign immunity. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1941). Here, there is no indication that the United States has waived its sovereign immunity. Accordingly, plaintiff's § 1983 claim against HUD is barred by sovereign immunity, thus the Court is without jurisdiction to consider it. Fed. R. Civ. P. 12(b)(1). Moreover, though a plaintiff may obtain damages from a federal agent who acted under color of authority when violating a plaintiff's constitutional rights, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the United States has not waived sovereign immunity from

4

suit for money damages arising from constitutional violations or *Bivens* claims. *F.D.I.C. v. Meyer*, 510 U.S. 471, 484–86 (1994); *see also Doe v. Chao*, 306 F. 3d 170, 184 (2002). Accordingly, the Court is without jurisdiction to consider plaintiff's claims against HUD and the HUD defendants in their official capacities.

Plaintiff's claims against the HUD defendants in their individual capacities must also be dismissed. Plaintiff's complaint fails to include any factual allegations that each government-employee defendant, through his individual action, had any personal involvement in the alleged constitutional violations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Though she argues that each federal defendant's failure to investigate her claims deprived her of rights and remedies provided by Section 8, she does not explain how any of their actions were illegal. As discussed above, money damages are available when a federal agent has violated a plaintiff's constitutional rights while acting under color of law. *Bivens*, 403 U.S. at 397. Even if plaintiff's claims against the individual HUD defendants are construed as a *Bivens* action, plaintiff still has not pled any fats to show that each government-employee defendant violated the Constitution. *See Iqbal*, 556 U.S. at 678.

Moreover, plaintiff appears to rely on a respondeat superior theory of liability based on the individual defendants' positions within HUD, which provided the housing allowance. In *Bivens* actions, however, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 676. Accordingly, plaintiff's claims against the HUD defendants in their official capacities must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and the claims against the HUD defendants in their individual capacities must be dismissed for failure to state a claim under Rule 12(b)(6).

*FMHA Defendants' Motion to Dismiss*

As with the HUD defendants, Plaintiff alleges that the FMHA defendants violated their obligations under Section 8 of the United States Housing Act of 1937, Title 42 U.S.C. §1437 *et seq*. Again, as with the HUD defendants, plaintiff's claims against the individual FMHA defendants in their official capacities are dismissed as duplicative because FMHA is a named defendant. *See, e.g., Graham*, 473 U.S. at 165; *Love-Lane*, 355 F.3d at 783.

As to the claims against FMHA, the Court lacks subject matter jurisdiction "where the plaintiff has failed to exhaust administrative remedies." *Shell Island Homeowners Ass'n v. Tomlinson*, 134 N.C. App. 217, 220 (1999); *North Buncombe Ass'n of Concerned Citizens, Inc. v. Rhodes*, 100 N.C. App. 24, 31 (1990). FMHA provided plaintiff the option to have a hearing as required by 24 C.F.R. § 982.555 in a letter dated January 9, 2013. [DE 6–1]. Plaintiff chose not to exercise her appeal rights, thus she is precluded from bringing the instant lawsuit. *See id.*; *see also Price v. City of Fayetteville, North Carolina*, 22 F. Supp. 3d 551, 558 (E.D.N.C. 2014) ("The plaintiff bears the burden of showing that federal jurisdiction is appropriate."). Accordingly, her claims against FMHA are dismissed for lack of subject matter jurisdiction.

To the extent that plaintiff sues the individual FMHA defendants in their individual capacities under § 1983, Driggers, Burris, Givson, Horne, and Darnell are entitled to qualified immunity. Qualified immunity shields government officials from liability so long as they could reasonably believe that their conduct does not violate clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). It protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *see also Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012).

6

In *Saucier v. Katz*, 533 U.S. 194 (2001), the Supreme Court recognized a two-step procedure for determining whether qualified immunity applies that "asks first whether a constitutional violation occurred and second whether the right violated was clearly established." *Melgar v. Greene*, 593 F.3d 348, 353 (4th Cir. 2010). Judges are permitted to exercise their discretion, however, in regard to which of the two prongs should be addressed first in light of the facts and circumstances of the particular case. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Plaintiff bears the burden to show that the constitutional violation occurred, while defendants bear the burden to show whether the right was clearly established. *Henry v. Purnell*, 501 F.3d 374, 377–378 (4th Cir. 2007). Defendants are entitled to qualified immunity if the answer to either question is "no." *See, e.g., Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080; *Miller v. Prince George's Cty., Maryland*, 475 F.3d 621, 627 (4th Cir. 2007).

Even taking the allegations in the amended complaint as true, the Court cannot conclude that any one of the defendants violated plaintiff's constitutional rights. Driggers, Burris, and Horne did not play any active role whatsoever in the actions complained of by plaintiff. Darnell merely inspected plaintiff's unit and reported his findings to FMHA. Gibson was responsible for terminating plaintiff's Section 8 eligibility, but plaintiff did not exercise her right to appeal. Accordingly, there is no evidence that a constitutional violation occurred, and the individual FMHA defendants are all entitled to qualified immunity as to any § 1983 claim against them.

*Worthy Defendants' Motion to Dismiss*

Similarly, plaintiff alleges that the Worthy defendants violated their obligations under Section 8 of the United States Housing Act of 1937, Title 42 U.S.C. §1437 *et seq.*. The allegations pertaining to the Worthy defendants are distilled to the following: 1) Worthy, Sr. mentally attacked plaintiff by depriving her and her child of refrigeration services; 2) service of

7

summary ejectment proceedings caused plaintiff emotional distress, pain, and suffering; 3) Worthy, Sr. was discriminatory in stating that he would not rent to plaintiff if she was not receiving government assistance; 4) plaintiff paid more than she owed for rent; 4) Worthy, Sr. provided plaintiff with a lease agreement and signed a contract and then approached plaintiff with a new lease in August 2011; and 5) Worthy Real Estate's summary ejectment action was illegal, and the basis for the illegality was family status.

At the outset, none of plaintiff's allegations relate to Worthy, II, therefore any claims against him are dismissed for failure to state a claim. Similarly, the only allegation plaintiff makes as to Worthy Real Estate is that its summary ejectment action against her was illegal. Plaintiff's complaint, however, is devoid of explanation as to how the action was illegal. Accordingly, the Court must dismiss the claims against Worthy Real Estate.

The remaining claims against Worthy, Sr. do not plausibly state a constitutional violation. Even giving the *pro se* plaintiff the benefit of the doubt, she has failed to allege any constitutional injury inflicted by Worthy, Sr. Her allegations that he "mentally attack[ed]" her by depriving her of refrigeration, even if true, simply does not rise to the level of a constitutional injury, particularly given that plaintiff admits someone was sent to make repairs. Similarly, plaintiff's complaint that service of summary ejectment proceedings caused plaintiff "emotional distress, pain, suffering, and humiliation" does not plausibly rise to the level of a constitutional injury. The remainder of plaintiff's allegations involving Worthy, Sr. are conclusory and do not explain how his action were illegal, thus they must be dismissed. *See, e.g., Ashcroft*, 556 U.S. at 668.

Moreover, any allegations that plaintiff paid more than was owed for rent are time-barred. Plaintiff claims the last over-payment was in January 2011. The statute of limitations for

such an action is three years unless plaintiff suffers from a disability. N.C. Gen. Stat. §§ 1–52(4), 1–17. As plaintiff has not alleged a disability and did not file suit until December 2014, any claims for overpayment are time-barred and must be dismissed.

*Plaintiff's Motions*

Because the Court grants each set of defendants' motion to dismiss, plaintiff's motion to strike affirmative defenses, which is in essence a response to the motions to dismiss that were pending when it was filed, is denied as moot. Similarly, because the Court has held either that it lacks jurisdiction or that plaintiff's complaint fails to state a claim under which relief can be granted, plaintiff's motion for summary judgment is denied.

## CONCLUSION

For the foregoing reasons, the defendants' motions to dismiss [DE 68, 81, 92] are GRANTED. Plaintiff's motion to strike affirmative defense s [DE 90] is DENIED AS MOOT. Plaintiff's motion for summary judgment [DE 80] is DENIED. The Clerk of Court is DIRECTED to enter judgment accordingly and to close the case.

SO ORDERED, this __19__ day of October, 2015.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE